**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARJINDER SINGH, | No. 11-70612 |
| Petitioner, | Agency No. A089-697-548 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2014
San Francisco, California

Before: WARDLAW, W. FLETCHER, and WATFORD, Circuit Judges.

Harjinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) denial of his applications for cancellation of removal, withholding of removal,

and relief under the Convention Against Torture. We have jurisdiction pursuant to

8 U.S.C. § 1252, and we grant the petition and remand to the BIA.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the BIA's analysis suggests that it conducted an independent review of the record, we review the BIA's decision. *Ahmed v. Keisler*, 504 F.3d 1183, 1190 (9th Cir. 2007). Despite the IJ's adverse credibility finding, the BIA assumed credibility for the purpose of its decision. We therefore assume that Singh's factual contentions are true. *Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000).

Substantial evidence does not support the BIA's finding that Singh failed to establish a nexus between his past mistreatment and his political opinion. Singh testified that he was arrested, beaten, and threatened because he filed a complaint against the police alleging that the police had a hand in his father's death. During his arrest, Singh was questioned about politics and ridiculed for his political affiliation with the Shiromani Akali Dal party. Police officers threatened to kill Singh if he did not retract his complaint. Singh's testimony establishes a nexus between his mistreatment and his real or imputed political opinion. *See Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000); *Navas*, 217 F.3d at 658–59.

Additionally, substantial evidence does not support the BIA's finding that Singh failed to establish a nexus between his past mistreatment and a protected social group. Singh testified that his father was an active member of the Shiromani Akali Dal party and that the police wanted to stop his father's activities. Singh was arrested and questioned regarding his father's whereabouts; Singh was threatened

2

and beaten during his arrest. Singh was only released when his father was arrested. Police continued to visit Singh's home to threaten his father. This testimony establishes a nexus between Singh's mistreatment and a particular social group: Singh's family. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1028–29 (9th Cir. 2004).

Therefore, we grant Singh's petition for review and remand for the BIA to consider issues other than nexus to an enumerated ground in the first instance. *INS v. Orlando Ventura*, 537 U.S. 12 (2002).

**Petition GRANTED and REMANDED.**